USDC SDNY
DOCUMENT
ELECTRONICALLY FIL[ED]
DOC #: _____
DATE FILED: 5-6-08

FS 7966 HMK/mjg

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
FERROSTAAL METALS GROUP, INC.
formerly known as
MAN FERROSTAAL, INC.

                Plaintiff,

   -against-

M/V SERENITY I, her engines, boilers,
tackle, etc., COMBINE MARINE INC.,
SERENITY MARITIME INC.,
SK SHIPPING CO., LTD.

                Defendants.
-----------------------------------------------------------X

08 CV 1898 (SAS)(GWG)
ECF CASE

## ORDER DIRECTING CLERK TO ISSUE PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT

**WHEREAS**, upon filing a Verified Complaint with Prayer for Maritime Attachment on February 26, 2008, and the declaration of Kevin T. Murtagh, Esq., declared to on the 28rd day of April, 2008, that to the best of his information and belief, Defendant SK Shipping Co., Ltd. cannot be found within this District, and the Court having found that the condition required by Rule B(1) of the Supplemental Rules for certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure exist; and,

**WHEREAS**, the Process of Maritime Attachment and Garnishment would command that the United States Marshal or other designated process server attach any and all of Defendant SK Shipping Ltd.'s property within the District

1

of this Court; and,

**WHEREAS**, the Court has reviewed the Verified Complaint with Prayer for Maritime Attachment and the Rule B affidavit, and the conditions of Supplemental Admiralty Rule B appearing to exist,

NOW, upon motion of Harold M. Kingsley, attorney for the Plaintiff, it is hereby,

ORDERED, that the Clerk of this Court is authorized to issue the Process of Maritime Attachment and Garnishment against all claims, assets, cash, funds, credits, wire transfers, accounts, letters of credit, electronic fund transfers, freights, subfreights, charger hire, subcharter hire, or any other tangible and/or intangible assets belonging to, due, claimed by, being held for or on behalf of, or being transferred for the benefit of Defendant SK Shipping Co., Ltd. including any such assets as may be in the possession, custody or control of, or being transferred through any garnishee within this District, including, without limitation, assets held by or at:

a) The Bank of New York, Inc., and/or
b) Citibank N.A., and/or
c) HSBC Bank USA, N.A., and/or
d) JPMorgan Chase, and/or
e) UBS AG, and/or
f) Bank of America, N.A., and/or
g) Standard Chartered Bank, and/or
h) Northern Trust Corporation, and/or
i) American Express Bank, and/or
j) Credit Suisse First Boston, and/or
k) Macquarie Bank Ltd., and/or
l) Macqiarie Corp.. Finance USA, Inc., and/or
m) Macquarie Equities USA, Inc., and/or

2

n)  Macquarie Holdings USA, Inc., and/or
o)  Nordea Bank Denmark, and/or
p)  Nordea Bank Finland PLC, and/or
q)  Belgolaise Bank, and/or
r)  Australia and New Zealand Banking Group Ltd., and/or
s)  ANZ (Delaware) Inc., and/or
t)  Fortis Financial Services LLC, and/or
u)  Fortis (USA) Financial LLC, and/or
v)  Calyon Corporate and Investment Bank, and/or
w)  Bank of China, and/or
x)  Korea Exchange Bank

and said Order being equally applicable to any other garnishes upon whom a copy of the Process of Maritime Attachment and Garnishment herein may be served, in an amount up to and including $85,000.00, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and it is further

ORDERED, that any person claiming an interest in the property attached or garnished pursuant to said Order shall, upon application in the Court be entitled to a prompt hearing at which Defendant SK Shipping Co., Ltd. shall be required to show why the attachment and garnishment should not be vacated or other relief granted; and it is further

ORDERED, that supplemental process specifying other or additional garnishees enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court; and it is further

ORDERED, that following initial service upon any garnishee by the Untied States Marshal or any other person designated or authorized by Order

to make service in this action, subsequent and/or supplemental service of Process of Maritime Attachment and Garnishment may thereafter be made by way of facsimile transmission or other verifiable electronic means, including e-mail, to each garnishee so personally served; and it is further

ORDERED, that each garnishee so personally served shall promptly furnish to the United States Marshal or to any other persons designated or authorized by Order to make service in this action, a facsimile number or an e-mail address at which supplemental and/or subsequent services may be made by verifiable electronic means and that such supplemental and/or subsequent service to the designated facsimile number or e-mail address shall be deemed service within this District; and it is further

ORDERED, that service on any garnishee herein is deemed to be effective and continuous service throughout the remainder of the day upon which such service is made commencing from the time of such service through the opening of garnishee's business the next business day.

ORDERED, that a copy of this Order be attached to and served with the said Process of Maritime Attachment and Garnishment

Dated: _____
New York, New York

So Ordered:

_____
U.S.D.J.