UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
FERROSTAAL METALS GROUP, INC.,
formerly known as MAN FERROSTAAL,                    08 CV 1898 (SS)
INC.

                    Plaintiffs,

                                                     ANSWER WITH AFFIRMATIVE
          - against -                                DEFENSES AND CROSS-
                                                            CLAIM
M/V SERENITY I, her engines,
boilers, tackle, etc.,
COMBINE MARINE INC., SERENITY
MARITIME, INC., SK SHIPPING
CO., LTD.
                    Defendants.
---------------------------------------X

     PLEASE TAKE NOTICE that Defendants COMBINE MARINE INC. and

SERENITY MARITIME, INC. (collectively, "answering defendants")

answer the Verified Complaint of plaintiff upon information and

belief as follows:

     FIRST:     Answering    defendants    deny    knowledge    or

information sufficient to form a belief as to the allegations

contained in paragraphs "1", "2" and "6" of plaintiff's Verified

Complaint.

     SECOND:    Answering    defendants    deny    each    and    every

allegation contained in paragraphs "3", "4", "5", "7", "8" and "9"

of plaintiff's Verified Complaint.

AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

     THIRD:     The Complaint fails to state a claim against

answering defendants on which relief can be granted.

AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

     FOURTH:    Answering defendants are not liable to plaintiff

on the causes of action alleged in the Complaint.

AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FIFTH:    If there was any loss and/or damage to cargo as alleged in the Complaint it was occasioned by causes for which the answering defendants are exonerated under the United States Carriage of Goods by Sea Act, Title 46 U.S.C.A. ' 1300, et seq.

AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SIXTH:    If this Honorable Court finds that the plaintiff has suffered damages to cargo for which answering defendants are liable, said damages must be limited pursuant to 46  U.S.C.A. 1304 (5).

AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SEVENTH:  If there was any loss of and/or damage to cargo as alleged in the Complaint, answering defendants are not liable to the plaintiff by reasons of the provisions contained in the bill(s) of lading, contract of carriage, charter party, applicable tariffs, special contract, or dock receipt.

AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

EIGHTH:    If there was any loss/and or damage to cargo as alleged in the Complaint, it was occasioned by causes for which the answering defendants are exonerated under the Harter Act, Title 46 U.S.C.A. ' 190, et seq.

AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

NINTH:    Answering defendants put plaintiff to its proof of compliance with the provisions for giving of notice and the commencement of suit as provided for in the aforesaid bill(s) of lading and in the United States Carriage of Goods by  Sea Act, 1936.

AS AND FOR AN EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TENTH:   Any loss or damage to the goods, as alleged in the Complaint, that may have occurred while they were in the possession of custody of answering defendants or on board the carrying vessel(s) arose from the conditions of the goods when delivered to answering defendants or from wastage in bulk weights or from inherent defect, quality or vice of the goods, or insufficient packing, insufficiency or inadequacy of marks, latent defects not discoverable by due diligence, or by acts or omissions of the shipper(s) or owner of the goods, their agent or representatives, and answering defendants are not under any liability for any such loss or damage.

AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

ELEVENTH: (A) Due diligence was used to make the  carrying vessel(s) seaworthy and to secure that they were properly manned, equipped and supplied, and to make the holds and other  parts of the ships in which the goods were carried safe and fit for their reception, carriage and preservation in accordance with the provisions of the United States Carriage of Goods by Sea Act, 1936 and the aforesaid bill(s) of lading.

(B) Accordingly, if the goods sustained  any loss or damage while they were on board the carrying  vessel(s), due to any unseaworthiness of the vessels, which is denied, answering defendants are not under liability therefore.

AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWELFTH:  Plaintiff's claim is barred by the statute of limitations contained in both the aforesaid bill(s) of lading  and

the United States Carriage of Goods by Sea Act, 1936 and/or the
doctrine of laches.

AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTEENTH: Any damages sustained by plaintiff, as
alleged in the Complaint, were proximately, directly, and solely
caused by the negligent acts of third persons over whom answering
defendants had and have no direction or control.

AS AND FOR A TWELFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FOURTEENTH: Plaintiff knowingly and intentionally
assumed any and all risks inherent in the shipment(s) of the goods
at issue by sea, which is a complete bar to recovery.

AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FIFTEENTH: Any injuries that may have been sustained by
plaintiff, as alleged in its Complaint, occurred as a direct
result of plaintiff's own negligent conduct, and not by any
negligence of answering defendants and as such plaintiff is barred
from recovery in this action.

AS AND FOR A FOURTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SIXTEENTH: Plaintiff is guilty of culpable conduct in the
events giving rise to the claims now asserted in plaintiff's
Complaint, and its recovery, if any, must be diminished in
proportion thereto.

AS AND FOR A FIFTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SEVENTEENTH: Plaintiff herein has failed to mitigate its
damages.

AS AND FOR A SIXTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

EIGHTEENTH: The forum is inconvenient and the Complaint

should be dismissed pursuant to the Doctrine of <u>Forum</u> <u>Non</u> <u>Conveniens</u>.

<u>AS AND FOR A SEVENTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

NINETEENTH: The action, or part thereof, is founded upon improper venue and/or should be transferred pursuant to 28 U.S.C. '1404.

<u>AS AND FOR A EIGHTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TWENTIETH: The terms of the bill of lading, tariff and/or other governing contracts between the parties require that this matter be heard in a forum other than this Court.

<u>AS AND FOR A NINETEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TWENTY-FIRST: Plaintiff has failed to bring answering defendants within the personal jurisdiction of the Court.

<u>AS AND FOR A TWENTIETH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TWENTY-SECOND: This Court lacks personal jurisdiction of the answering defendants.

<u>AS AND FOR A TWENTY-FIRST SEPARATE AND COMPLETE AFFIRMATIVE</u>
<u>DEFENSE</u>

TWENTY-THIRD: Plaintiff has failed to make proper service of process upon answering defendants.

<u>AS AND FOR A TWENTY-SECOND SEPARATE AND COMPLETE AFFIRMATIVE</u>
<u>DEFENSE</u>

TWENTY-FOURTH: This Answer is made without waiver of any jurisdictional defenses or rights to arbitrate that may exist between the parties.

<u>AS AND FOR A TWENTY-THIRD SEPARATE AND COMPLETE AFFIRMATIVE</u>

## AS AND FOR A TWENTY-THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-FIFTH:   Defendant was an agent for a disclosed principal at all times at issue and therefore is not liable on the causes of action alleged.

### AS AND FOR A CROSS-CLAIM AGAINST SK SHIPPING CO. LTD.

TWENTY-SIXTH:   This is a claim under the Court's Admiralty and Maritime Jurisdiction, and under the Court's diversity and pendent jurisdiction.

TWENTY-SEVENTH:   That all times mentioned hereafter answering defendants were and are corporations duly organized and existing pursuant to the laws of a foreign country.

TWENTY-EIGHTH:   That defendant SK SHIPPING CO. LTD. was and is a corporation organized and existing under the laws of a foreign country.

TWENTY-NINTH:   That defendant SK SHIPPING CO. LTD. was and is a corporation organized and existing under the laws of a foreign country and/or one of the states of the United States.

THIRTIETH:   That if plaintiff suffered any loss and/or damage, which is denied, the loss and/or damage was caused solely by the negligence, breach of contract (express or implied) breach of warranty (express or implied) and/or the fault of defendant SK SHIPPING CO. LTD.

THIRTY-FIRST:   That if answering defendants are found responsible for any of the loss and/or damage sustained by plaintiff herein, answering defendants are entitled to indemnification and/or contribution in whole or in part from the co-defendant SK SHIPPING CO. LTD. for said losses and/or damage including costs and reasonable

counsel fees.

WHEREFORE, defendants COMBINE MARINE INC. and SERENITY MARITIME INC., demand judgment dismissing plaintiff's Verified Complaint, awarding defendants COMBINE MARINE INC. and SERENITY MARITIME INC. costs, fees and reasonable attorneys' fees and disbursements of this action, and further demand judgment against the co-defendant SK SHIPPING CO. LTD. for all sums which may be recovered by plaintiff against defendants COMBINE MARINE INC. and SERENITY MARITIME INC., including reasonable attorneys' fees, disbursements and for such other and further relief as to the Court may seems just and proper.

Dated:  New York, N.Y.
        May 22, 2008

                                MAHONEY & KEANE, LLP
                                Attorneys for Defendants
                                COMBINE MARINE INC. and
                                SERENITY MARITIME INC.


                        By:     _____
                                Edward A. Keane (EK 1398)
                                111 Broadway, Tenth Floor
                                New York, New York 10006
                                (212) 385-1422
                                File No.: 19/3573/B/08/4


TO:  KINGSLEY KINGSLEY & CALKINS
     Attorneys for Plaintiff
     91 West Cherry Street
     Hicksville, N.Y. 11801
     (516) 931-0064